IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2007 MAY 17 P 3: 04

| | | |
|---|---|---|
| RANDY YOUNG<br>4285 Waterside Place<br>Grove City, Ohio 43123 | :<br>:<br>: | CASE NO. 07 447 |
| Plaintiff, | : | JUDGE |
| v. | : | JUDGE HOLSCHUH<br>MAGISTRATE JUDGE |
| JOHN P. AND DOROTHY F. KURGIS,<br>  CO-TRUSTEES<br>c/o Knight Enterprises, Inc.<br>40600 Grand River Avenue<br>Novi, Michigan 48375 | :<br>:<br>:<br>: | MAGISTRATE JUDGE KEMP |
| and, | : | |
| SUNOCO, INC. (R&M)<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114 | :<br>:<br>:<br>: | |
| Defendants. | : | |

### COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
(w/ Jury Demand Endorsed Hereon)

Plaintiff Randy Young, by and through the undersigned counsel, brings the following Complaint against Defendant John P. and Dorothy F. Kurgis, Co-Trustees.

### PARTIES

1. Plaintiff Randy Young is a natural person residing in the State of Ohio.

2. Defendant John P. and Dorothy F. Kurgis, Co-Trustees, are persons who own property in Grove City, Ohio, on which sits a gasoline service station and convenience store that is the subject of this Complaint.

1

3. Defendant Sunoco, Inc. (R&M) is a Pennsylvania corporation that operates the gasoline service station and convenience store in Grove City, Ohio, that is the subject of this Complaint.

## JURISDICTION AND VENUE

4. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendants' facility which is that subject of this Complaint is located in Grove City, Ohio.

## FACTUAL BACKGROUND

6. Plaintiff is a paraplegic who is confined to a wheelchair, and is therefore substantially limited in the major life function of walking.

7. Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts a "tester" on behalf of himself and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. He personally visits the public accommodation; engages all of the barriers to access, or at least all of those that he is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to

otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

8. In this instance, Plaintiff, in his individual capacity and as a "tester", and on his own behalf and on behalf of others, visited the facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's violations set forth herein.

9. A number of times, the most recent being on or about October 23, 2006, Plaintiff attempted to avail himself of the services of the gasoline service station and convenience store located at 2375 Stringtown Road, Grove City, Ohio. Plaintiff was confronted with the following problems which caused him to be unable to fully and equally enjoy the goods, services, facilities, privileges, and advantages of the gasoline service station and convenience store:

    a. an inability to enter the convenience store to shop;

    b. a lack of disabled parking spaces; and,

    c. an inability to use the gas pumps.

10. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility by an expert in order to determine all of the discriminatory acts violating the ADA.

Case: 2:07-cv-00447-TPK Doc #: 2 Filed: 05/17/07 Page: 4 of 6 PAGEID #: 5

11. Plaintiff is desirous in the future of availing himself of the goods, services, facilities, privileges, and advantages of the facility.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

12. Plaintiff restates the allegations of ¶¶1-11 as if fully rewritten here.

13. The gasoline service station and convenience store at 2375 Stringtown Road, Grove City, Ohio, is a public accommodation and service establishment, and as such must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

14. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the plaza and the businesses therein on the basis of his disability, due to Defendants' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiffs.

15. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

4

16. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The gasoline service station and convenience store at 2375 Stringtown Road, Grove City Ohio, is a "place of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

19. Defendants committed an unlawful act pursuant to O.R.C. §4112.02(G) by denying Plaintiff full enjoyment of the accommodations, advantages, facilities, or privileges.

20. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE,** Plaintiff demands,

for Count I, an injunction requiring Defendants to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

## JURY DEMAND

Plaintiff demands a jury trial on liability and damages for Count II.

Respectfully Submitted,

*[signature]*

Laren E. Knoll (0070594)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Of Counsel:
Gary A. Reeve (0064872)
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050